# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00619-CR

**Adele Thomas Hartwig, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR99-322, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

A jury found appellant Adele Thomas Hartwig guilty of capital murder. *See* Tex. Pen. Code Ann. § 19.03(a)(2) (West 1994). The State having waived the death penalty, the district court sentenced appellant to imprisonment for life. *See id*. § 12.31(a); Tex. Code Crim. Proc. Ann. art. 37.071, § 1 (West Supp. 2001). Appellant contends the evidence is legally and factually insufficient to sustain the jury's verdict, that her motion to suppress evidence was erroneously overruled, and that certain photographs should not have been admitted in evidence. We will overrule these contentions and affirm the conviction.

Appellant and her husband, Harold Hartwig, lived in a log cabin-style house on about ninety acres in rural Comal County. The house burned on the night of May 4, 1999. Harold Hartwig's body was found in the bedroom. The medical examiner concluded that the cause of his death was "asphyxia due to carbon monoxide poisoning and smoke inhalation and also severe body

burns with charring." Police called to the scene of the fire found appellant tied to a tree on the property. She claimed at the time that she and her husband had been attacked by intruders.

Appellant gave an oral statement to the police on May 13 in which she admitted starting the fire while her husband slept. Appellant described how she removed the plugs from an electrical outlet and poured the contents of six shotgun shells into the space between the inner and outer walls. She then placed the wick from an oil lamp in the outlet and lit it. The wick burned slowly, and she stood watching it for several minutes. She then left the house, "[s]lowly, calm, peaceful." The wick eventually ignited the gunpowder, and the resulting fire destroyed the house and killed Harold Hartwig. Appellant also admitted tying herself to the tree.

Appellant concedes that she was shown to have started the fire, but urges that the State failed to prove that she intended to kill her husband. Appellant refers us to evidence that Harold Hartwig was "an abusive, mean-spirited individual." A psychologist who examined appellant diagnosed her as suffering from battered-spouse syndrome and depression. In her statement to the police, appellant said that she returned to the house after the fire had been burning for some time and shouted at her husband from outside in an attempt to awaken him. The police officer who found appellant tied to the tree testified that she said, "I need to get back to the house. My husband's there."

In determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim.

2

App. 1981). Considering appellant's actions and the surrounding circumstances as described in her statement to the police, the jury could reasonably infer that appellant intended to kill Harold Hartwig when she started the fire. Point of error one is overruled.

When conducting a factual-sufficiency review, the evidence is not viewed in the light most favorable to the verdict. Instead, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). A factual-sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict may be set aside only if a finding of guilt beyond a reasonable doubt is clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Stone v. State*, 823 S.W.2d 375, 381 (Tex. App.—Austin 1992, pet. ref'd untimely filed). Applying this test to the evidence before us, we do not find the jury's verdict to be manifestly wrong or unjust. Point of error two is overruled.

In her third point of error, appellant contends the district court should have granted her motion to suppress evidence (1) seized by police during a search of the burned house two days after the fire and (2) found by the attorney for Harold Hartwig's daughter during a search of a trailer. The motion alleged that this evidence was obtained in violation of the constitutions and laws of the United States and Texas. *See* U. S. Const. amends. IV, XIV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. ch. 14 (West 1977 & Supp. 2001); *see also* Tex. Code Crim. Proc. Ann. art. 38.23 (West Supp. 2001) (exclusionary rule). In her brief, appellant does not argue that the Texas Constitution

3

affords her greater protection than the United States Constitution nor does she explain the relevance of code of criminal procedure chapter 14, which deals with warrantless arrests. In reviewing the district court's rulings, we defer to the court's factual determinations but review *de novo* the court's application of the law to the facts. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

We will first address the search of the burned house. During this search, the officers seized, among other things, the remains of the junction box and lamp wick, took samples used by arson investigators to determine the origin of the fire, and made a videotape showing the destruction to the premises.

Before conducting the search on May 6, the police obtained the written consent of Linda Wood, Harold Hartwig's daughter from a previous marriage. Wood was named as executor and sole heir in Hartwig's August 1997 will. Appellant contends that Wood was not authorized to consent to the search, citing a codicil dated March 1998. In that document, Harold Hartwig purported to "replace" Linda Wood with Doris West, appellant's daughter from a previous marriage. At the time of appellant's trial, both documents had been filed in probate court, but no executor had been appointed and no disposition of the estate had been made.

The State argues that appellant had no reasonable expectation of privacy in the burned house. The constitutional guarantee against unreasonable searches and seizures applies only when a person has exhibited an subjective expectation of privacy in the place searched, and that expectation is one that society is prepared to recognize as reasonable. *Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring). Appellant does not address the expectation of privacy issue in her brief.

4

Although a person normally has a reasonable expectation of privacy in her residence, there is no reasonable expectation of privacy in premises to which firefighters have been summoned to extinguish a fire. *Michigan v. Tyler*, 436 U.S. 499, 509 (1978). Moreover, "[t]he aftermath of a fire often presents exigencies that will not tolerate the delay necessary to obtain a warrant or secure the owner's consent to inspect fire-damaged premises. Because determining the cause and origin of a fire serves a compelling public interest, the warrant requirement does not apply in such cases." *Michigan v. Clifford*, 464 U.S. 287, 293 (1984). Some reasonable expectation of privacy may remain in fire-damaged premises, however. *Clifford*, 464 U.S. at 292-93; *Tyler*, 436 U.S. at 505. Privacy expectations vary with the type of property, amount of damage, prior and continued use of the premises, and, in some cases, the owner's efforts to secure it against intruders. *Clifford*, 464 U.S. at 292. The test is objective; the premises may be so damaged that, regardless of the owner's subjective expectations, no privacy interest remains. *Id*.

The record reflects that the Hartwig house and its contents were completely destroyed by the fire. The roof collapsed. Outer walls remained standing, but the windows and doors did not remain and there were numerous "burn-throughs." Appellant obviously did not live in the house after the fire, and there is no evidence that she ever attempted to return to the property. The only person shown to have made any effort to secure the property and protect it from intruders was Linda Wood. We conclude, as did the district court, that appellant had no reasonable expectation of privacy in the destroyed house. *See Davis v. State*, 840 S.W.2d 480, 486-87 (Tex. App.—Tyler 1992, pet. ref'd) (destruction so severe that no reasonable privacy interests remained; no attempt to secure premises).

The evidence seized during the search of the burned house on May 6 showed the extent of the damage and confirmed the incendiary nature of the fire. Neither of these matters was disputed at trial. Under the circumstances, we are also satisfied that any error in the admission of this evidence was harmless beyond a reasonable doubt. Tex. R. App. P. 44.2(a).

The second challenged search was of a trailer belonging to Harold Hartwig that he kept on his South Texas deer lease. After the fire, appellant had the trailer moved to a New Braunfels trailer park and lived in it until her arrest. Following the arrest, Linda Wood's attorney went to the trailer park for the purpose of having the trailer moved to the Hartwig property. The attorney entered the trailer, which was not locked. Inside, he found several insurance policies, a sale barn receipt, and letters and notes by appellant. He seized these items and eventually turned them over to the police. Appellant does not contend that the attorney was acting as an agent of the State when he searched the trailer. Instead, she argues that this private search violated article 38.23. *See State v. Johnson*, 939 S.W.2d 586, 587-88 (Tex. Crim. App. 1996) (article 38.23 exclusionary rule applies to searches by private persons).

Article 38.23 forbids the use of unlawfully seized evidence. Tex. Code Crim. Proc. Ann. art. 38.23(a). The statute is merely an exclusionary rule. Before article 38.23 may be invoked, it must be shown that the evidence in question was obtained in violation of the constitution or laws of the United States or Texas. *Woods v. State*, 970 S.W.2d 770, 775 (Tex. App.—Austin 1998, pet. ref'd). The attorney's search of the trailer did not violate the federal and state constitutions, which only protect against unreasonable searches and seizures by agents of the government and have no application to purely private searches or seizures. *State v. Comeaux*, 818 S.W.2d 46, 49 (Tex. Crim.

6

App. 1991); *Woods*, 970 S.W.2d at 774. Appellant does not assert that the attorney violated any other constitutional or statutory provision by entering the trailer, and therefore fails to demonstrate any basis for suppressing the evidence seized therein.

The district court did not err by overruling the motion to suppress evidence. Point of error three is overruled.

Finally, appellant complains of the admission of two color photographs taken at the autopsy. The first photograph shows Harold Hartwig's severely burned and charred body lying on the autopsy table. The second depicts a cross-section of Hartwig's lung showing soot in the airways, a factor that led the medical examiner to conclude that Hartwig had been alive when the fire started.

The admissibility of a photograph is within the sound discretion of the trial court. *Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997). Generally, a photograph is admissible if verbal testimony as to the matters depicted in the photograph is admissible. *Id*. The photographs in question were relevant to show the cause of death, as the medical examiner testified. The court did not abuse his discretion in determining that the photographs were relevant.

Appellant argues that the relevance of the photographs was outweighed by their unfairly prejudicial, gruesome nature. *See* Tex. R. Evid. 403. When a defendant objects to photographic evidence on rule 403 grounds, the court must balance the probative value of the evidence against the potential for unfair prejudice. *Ladd v. State*, 3 S.W.3d 547, 568 (Tex. Crim. App. 1999). As noted above, the photographs were probative of the cause of Hartwig's death. To the extent that they are disturbing or gruesome, they merely reflect the disturbing, gruesome nature of the injuries. The district court did not abuse his discretion by concluding that the photographs

were more probative than prejudicial. *See Kendrick v. State*, 942 S.W.2d 120, 126 (Tex. App.—Beaumont 1997, no pet.) (charred body); *Todd v. State*, 911 S.W.2d 807, 819-20 (Tex. App.—El Paso 1995, no pet.) (autopsy photos). Point of error four is overruled.

The judgment of conviction is affirmed.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: September 13, 2001

Do Not Publish